FILED

2013 Nov-26  AM 11:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ERICA GILL,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-13-S-415-NE** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Erica Gill, commenced this action on February 28, 2013, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated the medical evidence from both treating and non-treating physicians. Upon review of the record, the court concludes that these contentions lack merit, and that the Commissioner's ruling is due to be affirmed.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or

treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

One of claimant's treating physicians, Dr. Ernest Hendrix, completed a Physical Capacities Evaluation form on July 21, 2011.  He indicated that claimant could sit for a total of two hours during an eight-hour work day, but she could not stand or walk at all.  Claimant could occasionally lift up to twenty pounds, but she could never lift any more weight than that.  Claimant could occasionally carry up to ten pounds, but she could never carry any more weight than that.  Claimant could never use either hand for repetitive actions such as grasping, pushing, pulling, or fine manipulation.  She also could not use her feet for repetitive movements in operating foot controls.  Claimant could occasionally bend and reach above her shoulder, but she could never squat, crawl, or climb.  She was totally restricted from exposure to unprotected heights and marked changes in temperature and humidity, and she was moderately restricted from exposure to moving machinery, driving automotive

equipment, and pulmonary irritants like dust, fumes, and gases.[1]

On a Clinical Assessment of Pain form completed the same day, Dr. Hendrix indicated that claimant experienced pain to such an extent as to be distracting to adequate performance of daily activities or work.  Physical activity would greatly increase her pain to such a degree as to cause distraction from, or total abandonment of, tasks.  Side effects from claimant's pain medications could be expected to be severe and to limit effectiveness due to distraction, inattention, and drowsiness. Dr. Hendrix also indicated that claimant has an underlying medical condition consistent with the pain she experiences.[2]

Finally, Dr. Hendrix checked a box by the word "yes" on a separate, untitled form in response to both of the following statements:

1)      Based on my observation and treatment of this patient, I believe this patient could be expected to miss in excess of 25-30 days of work per year as a result of their underlying medical condition(s).

. . . .

2)      Based on my observation and treatment of this patient, I believe this patient will experience symptoms, on a chronic basis, from their underlying medical condition(s) which could reasonably be expected to cause distraction from job tasks or result in a failure to complete job tasks in a timely manner for a total of at least one or more hours during a typical 8 hour workday.[3]

---

[1] Tr. 517.

[2] Tr. 518-19.

[3] Tr. 520.

4

The ALJ gave limited weight to Dr. Hendix's opinion, reasoning that it was

> inconsistent with the medical evidence of record and objective medical
> evidences and findings of the treating rheumatologist finds [sic] of no
> synovitis, swelling, or significant joint abnormalities of hands which
> were verified by laboratory analysis and/or x-rays.  The claimant's
> limitations are not consistent with the objective medical evidence of
> record and the undersigned does not accept them as credible.  [Dr.
> Hendrix's] treatment notes . . . do not even indicate treatment related to
> hands or symptoms of hand pain.  His [sic] has treated her since March
> 2011 when in distress due to peptic ulcer disease and undersigned
> prefers the medical evidence from her specialist in rheumatology/
> diagnostic scans relevant to her arthralgia to those of a family
> practitioner.[4]

The court finds that the ALJ articulated adequate reasons, in accordance with the legal authority discussed above, for rejecting Dr. Hendrix's opinion, and that the ALJ's conclusion was supported by substantial evidence.  The objective medical evidence as a whole does not support the degree of limitation assessed by Dr. Hendrix.

The consultative examiner, Dr. Marlin Gill, found that claimant walked unassisted, used her hands and arms normally, and demonstrated full range of motion in her upper extremities.  Her arm strength was fully intact, and her grip strength was 4 out of 5.  Her back and legs were normal with no tenderness.  She could bend at the waist and lift her legs from a supine position.  Range of motion in her hips and knees was within normal limits.  She could squat halfway down and rise again, and she

---

[4] Tr. 27-28 (alterations supplied).

could walk on her tiptoes and heels.  Overall, Dr. Gill's physical examination reflected fairly normal findings, with only mild to moderate limitations.[5]

Claimant's rheumatologist, Dr. Jesus Hernandez, has consistently prescribed medication for lupus and fibromyalgia, but his records do not reflect a level of impairment that would preclude claimant from all work.[6]  *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").  *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)).  In fact, Dr. Hernandez actually encouraged claimant to *increase* her physical activity level by starting an exercise program.[7]  Further, an x-ray from May 3, 2011 revealed no evidence of erosion, well-maintained joint spaces, and only mild narrowing of the radiocarpal joint spaces in both hands.[8]

Claimant also argues that it was improper for the ALJ to give great weight to

---

[5] Tr. 462-63.

[6] *See* Tr. 479-503.

[7] Tr. 480-81.

[8] Tr. 502.

the opinion of Dr. James Finney, the State Agency Physician, who gave an assessment consistent with the ALJ's finding that claimant had the residual functional capacity to perform a limited range of light work.[9]   Contrary to claimant's assertion, it is not necessarily improper for an ALJ to assign more weight to the opinion of a State Agency reviewing physician than to the opinion of a treating physician, if the ALJ finds that the State Agency opinion is more consistent with the evidence as a whole.   In fact, Social Security regulations provide that the opinions of state agency medical consultants are entitled to substantial consideration.   *See* 20 C.F.R. §§ 404.1527(e)(2)(i) & 416.927(e)(2)(i) (stating that, while the ALJ is not bound by the findings of a State Agency medical consultant, the ALJ should consider such a consultant to be both "highly qualified" and an "expert" in Social Security disability evaluation).   *See also Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. Nov. 1981) ("The Secretary was justified in accepting the opinion of Dr. Gordon, a qualified reviewing physician, that was supported by the evidence, and in rejecting the conclusory statement of Dr. Harris, a treating physician, that was contrary to the evidence."); *Surber v. Commissioner of Social Security Administration*, No. 3:11–cv–1235–J–MCR, 2013 WL 806325, *5 (M.D. Fla. March 5, 2013) (slip copy) ("State agency medical consultants are non-examining sources who are highly qualified physicians and experts in Social Security disability evaluation, and their

---

[9] *See* Tr. 466-73.

opinions may be entitled to great weight if supported by evidence in the record."). Here, the ALJ reasoned that Dr. Finney's assessment was consistent with the medical evidence of record,[10] and the record, as discussed above, supports that conclusion.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 26th day of November 2013.

United States District Judge

---

[10] Tr. 27.